Robert Hubbard and Lavinia Hubbard v. Commissioner.
Hubbard v. Commissioner
Docket No. 12233.
United States Tax Court
1948 Tax Ct. Memo LEXIS 162; 7 T.C.M. (CCH) 369; T.C.M. (RIA) 48096; June 15, 1948
*162 Robert Hubbard, pro se. John O. Durkan, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies in petitioners' income taxes for the years 1943 and 1944 in the respective amounts of $72.32 and $423.71. The deficiency for the year 1943 results from the partial disallowance of depreciation claimed on three rental properties and the correction of a mathematical error of $56.84 made in petitioners' return. The petitioners concede the error in the computation. In determining the 1944 deficiency, the Commissioner increased petitioners' taxable income in the amount of $1,463.75 on account of a gain realized from the sale of the rental properties involved and the disallowance of a deduction of special street improvement taxes of $140 claimed by the petitioners in their return. The petitioners concede that the deduction in question was properly disallowed. Hence, the questions for our determination are whether the Commissioner erred in cutting down the depreciation allowances claimed by the petitioners in their 1943 income tax return and in increasing petitioners' 1944 income by the amount of $1,463.75 for gain *163 realized on the sale of the rental properties. Findings of Fact The petitioners, Robert Hubbard and Lavinia Hubbard, are husband and wife, residing in Louisville, Kentucky. They filed joint income tax returns for the taxable years 1943 and 1944 with the collector of Internal Revenue for the district of Kentucky. In their 1943 income tax return the petitioners reported income from rents on three frame residences after deduction of expenses and depreciation. The depreciation was computed on the return as follows: Estimated
Depre-
Kind of
Date
Estimated
remaining
ciation
Property
acquired
Cost
life
life
allowable
Frame res.
1933
$3,500
25
16 $140
Frame res.
1932
3,500
25
14
140
Frame res.
1937
3,750
25
20
150 The Commissioner disallowed this depreciation in part and in the deficiency notice allowed depreciation on said properties as follows: 3333 Garland Avenue
$ 51.00
824 South 34th Street
79.50
1110 South 43rd Street
60.00
Total
$190.50
The petitioners purchased the property at 3333 Garland Avenue, Louisville, Kentucky, in 1933 or 1934, for $2,100. They paid a special street improvement *164 tax of $140 in 1944. They sold the property in 1944 for $3,250, less a real estate commission of $162.50. The petitioners purchased the 824 South 34th Street property for their personal residence in 1922 for $3,500. Thereafter, they added $750 of capital improvements thereto. In 1932 or 1933, the property was converted to rental or income-producing property. It was sold in 1944 for $3,500, less real estate commissions of $175. The petitioners purchased the 1110 South 43rd Street property in 1937 for $2,000. Capital improvements of $400 were later made. The property was sold in 1944 for $3,800, less real estate commissions of $190. The petitioners did not report any gain on either of these sales. The Commissioner determined that petitioners realized a taxable gain of $678.75 on the sale of the property at 3333 Garland Avenue and $785 on the sale of the 1110 South 43rd Street property, or a total gain of $1,463.75, and added that amount to petitioners' income for the year 1944. Opinion LEMIRE, Judge: The petitioners offered no evidence as to the cost or useful life of the properties involved. They tacitly conceded the accuracy of the information contained in a letter accompanying *165 their 1944 income tax return, which was introduced in evidence on behalf of respondent. This letter sets forth the cost of the properties as stated in our findings of fact. At the hearing the only evidence offered on behalf of the petitioners was to the effect that they spent at least $1,200 in cleaning, papering, painting, plastering and repairing damages to these properties suffered in a flood in the year 1937. One of the pieces of property involved was purchased after the flood in 1937 and the Commissioner did allow as capital expenditures the sum of $400, which appears to have been spent by the petitioners in placing that particular piece of property in rentable condition. The petitioners produced no records or information of any sort in regard to these expenditures. Petitioner, Robert Hubbard, testified that he was of the opinion that they had expended at least $1,200 on the three properties in cleaning, papering, painting, and plastering, and otherwise repairing flood damages thereto. We have no means of determining whether these were capital expenditures or ordinary business expenses. Petitioners have the burden of disproving respondent's determination. . *166 In the absence of evidence supporting petitioners' contentions, we must sustain the Commissioner's determination. Decision will be entered for the respondent.